UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | |
|---|---|
| NORMA K. SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6: 06-133-DCR |
| ) | |
| V. ) | |
| ) | |
| JO ANN CORUM, individually and D/B/A ) | **MEMORANDUM OPINION** |
| KENTUCKY COPY CENTER, LLC., ) | **AND ORDER** |
| KENTUCKY COPY CENTER, LLC., and ) | |
| FEDEX CORPORATE SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is pending for consideration of the Plaintiff's motion to remand this action to state court due to lack of subject matter jurisdiction. [Record No. 16] More specifically, the Plaintiff claims that federal question jurisdiction does not exist in this case. In opposing this motion, the Defendants argue that because the Plaintiff's claims arises under federal common law, a federal question is necessarily presented.

For the reasons discussed below, the Court will grant the Plaintiffs' motion and remand this action back to Clay Circuit Court.

**I.   BACKGROUND**

On June 23, 2005, Plaintiff Norma Kay Smith was preparing for a trip out of the country for which she would need a passport. Her flight was scheduled to depart June 25, 2005. Smith contracted with Federal Express, through Jo Ann Corum and the Kentucky Copy Center, to have her passport delivered by June 24, 2005, to Charleston, South Carolina. Unfortunately, the

passport failed to arrive in Charleston on June 24th. Upon speaking with Corum, Smith claims that she was instructed to fly to Atlanta and receive her passport there. However, Smith alleges she did not receive her passport by the time of her scheduled departure. As a result, Smith was forced to reschedule much of her vacation, requiring her to incur significant expenses beyond those originally anticipated. She seeks to recover those additional expenses and other related damages through this action.

## II. LEGAL STANDARD

District Courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. If a complaint filed in state court raises a federal question, it is removable without regard to the citizenship of the parties, pursuant to 28 U.S.C. § 1441(b). A case is said to "arise under" the Constitution, laws, or treaties of the United States when federal law explicitly creates the cause of action. *American Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916). Federal question jurisdiction may also be established when the claim is predicated on an implied cause of action under federal law. *See, e.g. Lampf, et al v. Gilbertson*, 501 U.S. 350 (1991); *Bivens v. Six Unkown Fed. Narcotics Agents*, 403 U.S. 388 (1971).

In determining whether a federal question has been raised in the initial pleading, a plaintiff is generally considered the "master of the complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386 (1987). However, even where a federal claim could have been asserted, the plaintiff may avoid federal jurisdiction by pleading only state law claims. *Id*. at 399; *but see Federated Dep't Stores, Inc. V. Moitie*, 452 U.S. 394, 398 (1991) ("courts 'will not permit plaintiff to use

artful pleading to close off defendant's right to a federal forum . . . [and] occasionally the removal court will seek to determine whether the real nature of the claim is federal, regardless of plaintiff's characterization.'") (Internal citations omitted).

Whether a claim "arises under" federal law is ordinarily determined by reference to the well-pleaded complaint rule. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). Where federal law is only implicated in a defense, it is usually inadequate to confer federal jurisdiction. *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986). This is because, under the well-pleaded complaint rule, the plaintiff cannot establish federal jurisdiction solely by anticipating a federal defense in the drafting of the complaint. *Id.* A case may not be removed to federal court on the basis of a federal defense even if both parties agree that the federal defense is the only question at issue, or its resolution would be dispositive. *Caterpillar*, 482 U.S. 386. However in some cases, federal question jurisdiction may be established "where the vindication of a right under state law necessarily turned on some construction of federal law." *Franchise Tax Board*, 463 U.S. at 9.

### III. ANALYSIS

This case is pending for consideration of Smith's motion to remand. In support of this motion, she argues that the Defendants improperly removed her state law contract claim to this Court but that this Court does not have jurisdiction over her action. Thus, she requests that the matter be remanded back to the Clay Circuit Court for further proceedings. [Record No. 6] In opposing this motion, the Defendants argue that because Smith's claim arises under federal

common law, the Court has federal question subject matter jurisdiction pursuant to Title 28 of the United States Code, Section 1331.[1]  [Record Nos. 11, 12]

### A. Plaintiff's Claims are Not Preempted by Federal Law.

As noted above, a defendant's ability to remove a case to federal court is governed by the well-pleaded complaint rule. *Franchise Tax Bd*, 463 U.S. 1.  Under this rule, only the plaintiff's complaint is examined to determine jurisdiction.  *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127-128 (1974) (The federal question "must be disclosed upon the face of the complaint, unaided by the answer.")  Federal jurisdiction will not lie where the basis for jurisdiction is the anticipation of a federal defense.  *Id.*, *quoting Gully v. First National Bank*, 299 U.S. 109, 112 (1936).  This is the rule even if the federal defense would be dispositive, such as would be the case of a federal preemption defense.  *Franchise Tax Bd.*, 463 U.S. 1, 12.  However, if the plaintiff's action as pled could have been originally brought in federal court, defendants may remove the case to federal court.  *Caterpillar*, 482 U.S. 386.

The Supreme Court has recognized certain exceptions to the well-pleaded complaint rule. For example, in *Avco Corp. v. Aero Lodge No. 735*, 390 U.S. 557 (1968), the Supreme Court determined that in certain areas specified by Congress, federal law can so preempt state law that

---

[1] The Defendants argue that Smith's claims are preempted by federal law, and may be removed on that basis. [Record No. 11, pg. 2]  Alternatively, they assert that Smith's claims arise under federal common law and, therefore, removal is proper. [Record No. 11, pg. 5; Record No. 12] As a framework for analyzing the issues presented, the Court notes that, as the removing parties, the Defendants bear the burden of establishing federal jurisdiction.  *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940 (6th Cir. 1994).  Further, because removal implicates federalism concerns, removal statutes are to be narrowly construed.  *Longo v. Bando Mfg. Of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000)(citations omitted).

even a well-pleaded complaint which contains only state law causes of action must be re-characterized as a federal cause of action. *Id.*

Both the well-pleaded complaint rule and the doctrine of complete preemption were clarified in *Franchise Tax Board*, 463 U.S. 1. Regarding the well-pleaded complaint rule, the Supreme Court held that even where the cause of action was created by state law, federal jurisdiction exists where the case "requires resolution of a substantial question of federal law." *Id.* at 13. The Court also determined that Congress must intend, by statute, for federal law to completely preempt state law, and must so indicate either explicitly or implicitly. *Id.* at 20, n.20.

In the present case, Corum and Kentucky Copy argue that Congress has indicated a desire to expressly preempt all state laws as they relate to prices, routes, and services of airlines. [Record No. 11, pg. 3] In support, they rely on 49 U.S.C. §41713(b), which reflects that:

> Except as provided in this subsection, a State, political subdivision of a State, or political authority of at least 2 States may not enact or enforce a law, regulation, or other provision having the force and effect of a law related to price, route or service of an air carrier that may provide transportation under this subpart.

Prior to 1995, defendants may have been correct to rely on the literal wording of the statute. However, in *Morales v. Trans World Airlines, Inc.,* 504 U.S. 374 (1992), the Supreme Court concluded that the ADA invalidated the application of state laws governing deceptive fare advertising practices. Congress did not merely preclude direct state regulation of airline prices, routes, and services, it completely pre-empted the application of any state law in any context "related to" those airline functions. *Id.* at 383. The Supreme Court recognized the similarity

between this language[2] and the "similarly worded pre-emption provision of [ERISA]". *Id.* The Court noted that the use of the phrase "relating to" was evidence of a broad preemptive purpose, especially in light of the Court's ERISA cases where the broad preemption doctrine is based on that statute's use of the phrase "relates to". *Id.* at 384, *citing Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 95 (1983); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 138 (1990).

Here, although the wording of §41713 seems to suggest that a state may neither "enact or *enforce*" a law (presumably including contract law), the Supreme Court has determined that Congress did not intend to preempt all claims against air carriers. *American Airlines v. Wolens*, 513 U.S. 219, 229 (1995) (emphasis added). Drawing a line between "state-imposed obligations" and "privately-ordered obligations", the Court held that state contract law actions were not preempted by the ADA. Therefore, Corum and Kentucky Copy are misplaced in arguing that the ADA preempts the Plaintiff's state law contract claim. [Record No. 11, pg. 4] And while the language of §41713(b) suggests that the enforcement of a state contract law which would affect the "rates, routes or services" of an air carrier is preempted, the holding of *Wolens* is to the contrary. *Wolens* at 229. ("A remedy confined to a contract's terms simply holds parties to their agreements – in this instance, to business judgments an airline made public about its rates and services.")

The Sixth Circuit has adopted the holding in *Wolens*. *See Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244 (6th Cir. 1996). In contrast to the case at hand, the

---

[2] *Morales* refers to §1305(a)(1), the predecessor to §41713(b). The two statutes contain nearly identical language, and any modification was intended to be "without substantive change". *American Airlines v. Wolens*, 513 U.S. 219, 238 n.1 (O'Conner, J., dissenting), *citing* Pub. L. 103-272, § 1(a), 108 Stat. 745.

plaintiff in *Musson* originally brought their case in federal court, arguing that federal common law provided for its cause of action even absent any relevant federal statute. *Id* at 1249*; citing Illinois v. City of Milwaukee*, 406 U.S. 91, 100 (1972). The district court dismissed the original action under Fed. R. Civ. Pro. 12(b)(1), finding that it did not have jurisdiction because federal common law did not recognize a federal action for fraud against an air carrier. *Id.*

The Sixth Circuit affirmed the dismissal, but on different grounds. *Id.* at 1249 n.2. The court found that the plaintiff had made a non-frivolous argument that the federal common law did encompass their fraud claim, and that the district court had subject matter jurisdiction to determine whether the plaintiff had a cause of action. *Id.* at 1249, *citing Montana-Dakota Utils. Co. v. Northwestern Pub. Serv. Co.*, 341 U.S. 246, 249 (1951). However, because the court determined that the federal common law did not provide such a cause of action, it affirmed the dismissal under Fed. R. Civ. Pro. 12(b)(6) for failure to state a claim. *Id.* at 1249.

The Sixth Circuit held that, while the ADA had preempted all fraud claims against the airlines, federal law did not provide for a cause of action because Congress intended that the Department of Transportation would enforce all consumer protections rules in this field. *Id.* at 1251. The court also expressly rejected the argument that the ADA "completely preempts" all state law claims. *Id.* at 1253.

In addition to the foregoing, *Musson* adopts the holding in *Wolens* that the ADA was not intended to preempt all actions against air carriers. *Id.* In *Wellons v. Northwest Airlines*, 165 F.3d 493 (6th Cir. 1999), the Sixth Circuit expanded this holding, finding that the ADA did not preempt state actions for racial discrimination, even in a case where the employee had let the

statute of limitations for her federal claims expire. *Id.* at 494, n.1. In reaching this conclusion, the Sixth Circuit adopted the reasoning of *Gillman v. Northwest Airlines, Inc.*, 230 N.W.2d 536 (Mich. App. 1998). According to *Gillman*:

> [A]lthough an individual's weight or height might [] be 'related to' safety and the quality of an air carrier's services, any relationship that an individual's sex or age might bear to safety and services is too 'tangential' to result in preemption.

*Wellons*, 165 F.3d at 495.

Taken together, these cases recognize that while some state actions are contrary to the preemptive purpose of the ADA, Congress did not intend for the ADA to completely preempt all state actions in this area. Therefore, this Court must conclude that this action is not preempted simply because it is an action against an air carrier.

### B. Plaintiff's Claims Do Not Arise under Federal Common Law.

A determination that an area of law is not completely preempted by federal law does not by itself require remand. Even if an area of law is not completely preempted, federal question jurisdiction may still exist if the complaint raises "an express or implied cause of action that exists under a federal statute" or "if the cause of action arises under federal common law principles." *Sam L. Majors Jewelers v. ABX, Inc.*, 117 F.3d 922, 924 (5th Cir. 1997).

The Defendants rely on *Sam L. Majors Jewelers* in arguing that Smith's action "arises under federal common law." [Record No. 11, pg. 5; Record No. 11, pg. 1] They assert that, although the Plaintiff's complaint only alleges a state contract law claim, federal common law "continues to govern the rights and liabilities of air carriers for cargo." [Record No. 12, pg. 4] In *Sam L. Majors Jewelers*, the Fifth Circuit found federal question jurisdiction under federal

common law for "an action seeking to recover damages against an airline for lost or damaged shipments." *Sam L. Majors Jewelers*, 117 F.3d 922, 923. The court noted that the Federal Aviation Act does not include a statutory provision which expressly imposed liability (or the limitation of liability) for lost or damaged goods. Nevertheless, it joined the Second, Third and Ninth Circuits in finding that federal common law governed an air carrier's liability for lost or damaged goods. *Id.* at 928.[3] However, as the Fifth Circuit notes, this holding is a narrow one, limited to damages for "lost or damaged shipments". *Id.* at 929, n.15. *Sam L. Majors Jewelers* is silent regarding whether federal common law governs damages which arise from a late shipment. In light of the holdings in *Wolens*, *Musson* and *Wellons*, this Court must conclude it does not.

As noted above, in *Wolens*, the Supreme Court confirmed that the ADA preempts state fraud claims. *Wolens*, 513 U.S. at 228. However, it found that the ADA did not preempt suits "alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings." The Court ruled that a party using state law to enforce a "privately ordered obligation" did not "connote official, government-imposed policies". *Id.* at 229, n.5. The ADA's "overarching regulatory purpose" only meant that "[s]tates may not seek to impose their own public policies or theories of competition or regulation on the operations of an air carrier." Following this logic, this Court must conclude that a suit by a private plaintiff seeking to recover consequential damages for the late delivery

---

[3] *See North American Phillips Corp. v. Emery Air Freight Corp.*, 579 F.2d 229 (2d Cir.1978), *Klicker v. Northwest Airlines, Inc.*, 563 F.2d 1310, 1312-16 & n. 10 (9th Cir.1977), and *First Pennsylvania Bank v. Eastern Airlines*, 731 F.2d 1113 (3d Cir.1984).

of a package would neither be preempted nor implicate federal common law, as it merely sought to enforce the terms of a private contract.[4]

In *Musson*, the Sixth Circuit adopted this rule. The court interpreted the holding in *Wolens* as "reject[ing] the possibility that the ADA leaves room for a federal common law cause of action against air carriers, at least in regard to breach of contract claims." *Id.* at 1251. The district court had exercised jurisdiction over Musson's state law claims and dismissed them. The Sixth Circuit reversed, finding "no acceptable basis for subject matter jurisdiction." *Id.* at 1252. The court determined that the state claims were not completely preempted. The court also determined that the state claims did not "impliedly plead" a matter of federal law. To the extent that issues of preemption might arise, they were merely a federal defense whose presence was inadequate to create subject matter jurisdiction. *Id.* Although the state court will be required to

---

[4] In determining that state court enforcement of contract law was not a state "enforc[ing] a law, regulation, or other provision," the Court relied heavily on the *amicus curiae* brief by the United States. Despite the plain language of the statute, the United States argued that the phrase "law, rule, regulation, standard *or other provision*" (emphasis added) should be interpreted narrowly as "connoting official, government imposed policy". *Wolens* at 229 n.5. Justice O'Connor, writing in dissent, criticized this interpretation in light of the Court's holding in *Morales* which recognized a "broad preemptive purpose". *Wolens* at 238 (O'Connor, J., dissenting):

> I do not understand the Court to say that a State only "enforces" its "law" when some state employee (e.g., an attorney general, or a judge) orders someone to do something. If that were the meaning of "enforce" in this context, then a diversity action brought by a private party under state law in federal court would never be subject to § 1305 pre-emption, because no state employee is involved, whereas the same action might be pre-empted in state court. That would make little sense, and federal courts have routinely considered § 1305 in determining whether a particular state law claim is pre-empted.

*American Airlines v. Wolens*, 513 U.S. 219, 239 (U.S. 1995) (O'Connor, J., dissenting)

apply a federal preemption defense as it relates to a liability limitation, the Sixth Circuit has determined that does not, by itself, require or even necessarily allow removal:

> [W]e see no evidence that Congress intended the federal courts to have exclusive subject matter jurisdiction over the preemption defenses to state law claims against air carriers. Quite to the contrary . . . only a state court, or a federal court sitting in diversity, is an appropriate forum for resolution of [plaintiff's] claims.

*Musson*, 89 F.3d 1244, 1253. Federal courts have a "general respect for a state court's ability to decide federal issues[.]" *Id.* at 1257. Therefore, even if application of the federal defense would largely (or entirely) absolve an air carrier of liability, that determination is one that is for the state court – or the federal court sitting in diversity – to determine. Because diversity jurisdiction is not present in this action, the case must be remanded.

The conclusion reached here is in conflict with the Fifth Circuit's decision in *Sam L. Majors Jewelers*. However, it appears that the Sixth Circuit has a more narrow view of federal jurisdiction and federal preemption under the ADA. Although *Wolens* narrowly interpreted the ADA to preempt only those state actions which "connot[e] official, government imposed policy", *Wolens* at 229 n.5, the Sixth Circuit has joined the second, ninth and eleventh circuits in adopting an even narrower view of the ADA's preemption clause.[5] Although enforcement of state discrimination laws would seem to fall into the category of "government imposed policy", the Sixth Circuit has held these claims are not preempted under the ADA. *Wellons*, 165 F.3d at 495. In short, this circuit has concluded that such claims bear "too tenuous, remote, or peripheral a relation to airline rates or services" to be preempted. *Id.* Discrimination based on physical

---

[5] *See, e.g., Abdu-Brisson v. Delta Air Lines, Inc.*, 128 F.3d 77 (2d Cir. 1997), *Aloha Islandair Inc. v. Tseu*, 128 F.3d 1301 (9th Cir. 1997), *Parise v Delta Airlines, Inc.*, 141 F.3d 1463 (11th Cir. 1998), and *Taj Mahal Travel, Inc v Delta Airlines, Inc.*, 164 F.3d 186 (3d Cir. 1998).

characteristics or disabilities might still be preempted, however, as relating to "services" (i.e., safety). *Id.*

By contrast, other circuits have applied the holdings in *Morales* and *Wolens* more broadly, adopting the *Morales* court's analogy of the ADA's preemption clause with the broad preemption of ERISA.[6] *Morales*, 504 U.S. at 386. As the Fifth Circuit falls into this category, it is likely that had Smith's claim been brought there, federal preemption would be applicable. However, as *Musson* and *Wellons* are binding on this Court, remand is required.

### IV. CONCLUSION

For the reasons discussed above, it is **ORDERED** that the Plaintiffs' Motion to Remand [Record No. 15] is **GRANTED**. The clerk of the Court is directed to **REMAND** this action to the Clay Circuit Court for further proceedings.

This 2nd day of June, 2006.



Signed By:
*Danny C. Reeves* DCR
United States District Judge

---

[6] *See, e.g., Smith v Comair, Inc*, 134 F.3d 254 (4th Cir. 1998); *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334 (5th Cir. 1995); *Travel All Over the World, Inc. v The Kingdom of Saudi Arabia*, 73 F3d 1423 (7th Cir. 1996); *Botz v. Omni Air Int'l*, 286 F.3d 488 (8th Cir. 2002); *Arapahoe County Public Airport Authority v Federal Aviation Administration*, 242 F.3d 1213 (10th Cir. 2001).